Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Elba Pesquera Sánchez<br><br>Peticionaria<br><br>vs.<br><br>Julián Valles Acosta<br><br>Recurrido | KLCE202301270 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia de Arecibo, Sala Superior de Hatillo<br><br>Civil Núm.: HA2020CV00192 (101)<br><br>Sobre: Liquidación de Comunidad de Bienes |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de diciembre de 2023.

Comparece la parte peticionaria, la Sra. Elba Pesquera Sánchez (en adelante, "Sra. Pesquera Sánchez" o "parte peticionaria") para solicitarnos que se revoque la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Hatillo el 19 de octubre de 2023 y notificada el 20 de igual mes y año. Mediante dicha "Resolución" se declara No Ha Lugar la Solicitud de Sentencia Sumaria Parcial.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, se deniega la expedición del auto de *Certiorari*.

**I.**

El 5 de enero de 1984, la Sra. Pesquera Sánchez contrajo matrimonio con el Sr. Julián Vallés Acosta (en adelante, "Sr. Valles Acosta" o "parte recurrida"), bajo el régimen de Sociedad Legal de Gananciales. Durante el matrimonio, las partes adquirieron varios

bienes, incluyendo cuentas de banco. El 30 de octubre de 2000, 16 años más tarde, se divorciaron. Sin embargo, la Sentencia no dispuso nada acerca de la liquidación de lo bienes gananciales. Así las cosas, el 17 de septiembre de 2020, la Sra. Pesquera Sánchez radicó una demanda sobre liquidación de comunidad de bienes gananciales en contra del recurrido. Alegó que, los bienes se encuentran en total control del Sr. Valles Acosta. Así pues, solicitó la división de éstos. El 15 de noviembre de 2020, el Sr. Valles Acosta mediante su Contestación a la Demanda reconoció la existencia de la comunidad post ganancial, pero rechazó tener control exclusivo sobre ella.

Luego de varios trámites procesales, el 14 de junio de 2023, la parte peticionaria presentó una moción de Sentencia Sumaria Parcial, en donde indicó que el recurrido depositó los fondos del patrimonio postganancial en cuentas de inversión para su beneficio exclusivo. Asimismo, adujo que, tiene derecho a un crédito, al incremento en valor de las inversiones y a sus intereses. Ese mismo día, el Sr. Valles Acosta radicó la Moción en Oposición a Moción de Sentencia Sumaria Parcial, en la cual expresó que la Moción de Sentencia Sumaria Parcial es una moción requiriendo reabrir el descubrimiento de prueba, ya que la peticionaria solicitó los estados emitidos por las firmas de inversiones e instituciones bancarias y las aportaciones y depósitos efectuados a planes Keogh o 401K que tenga con su patrono.

Luego de evaluar la prueba presentada, el 19 de octubre de 2023, el Tribunal de Primera Instancia emitió una "Resolución" en la cual declaró No Ha Lugar a la Solicitud de Sentencia Sumaria Parcial.

Inconforme con lo anteriormente resuelto, la parte peticionaria acudió a este Tribunal mediante el recurso de epígrafe, en que señaló los siguientes errores:

*Primero: Erró el TPI y abusó de su discreción al denegar la Moción de Sentencia Sumaria Parcial presentada por la recurrente por haber sido presentada luego de haber concluido el descubrimiento de prueba cuando el propio TPI había ordenado a las partes a informar el descubrimiento que estaba pendiente para calendarizarlo.*

*Segundo: Erró el TPI y abusó de su discreción, al ordenarle a la recurrente que informara al TPI el descubrimiento de prueba que quedaba pendiente para calendarizarlo y cuando la recurrente así lo informa, en cumplimiento con lo dispuesto por el TPI, el TPI deniega la Moción de Sentencia Sumaria Parcial que presentó luego de los treinta días siguientes a la fecha establecida por el TPI para concluir con el descubrimiento de prueba.*

*Tercero: Erró el TPI y abusó de su discreción al ordenarle al recurrente entregarle evidencia documental a la recurrida, eximiendo a ésta de obtener dicha evidencia a través de los mecanismos de descubrimiento de prueba, y denegar la Moción de Sentencia Sumaria Parcial que presentó la recurrente basada en dicha evidencia documental por haber sido presentada a destiempo al haber sido presentada luego de haber concluido el descubrimiento de prueba cuando en ningún momento en este caso el TPI ha establecido fecha límite para que las partes concluyan el descubrimiento de prueba, tal y como lo requiere la Regla 36.1 de Procedimiento Civil.*

*Cuarto: Erró el TPI y abusó de su discreción al denegar la Moción de Sentencia Sumaria Parcial presentada por la recurrente sin hacer determinaciones de hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y aquellos que están realmente y de buena fe controvertidos, conforme lo ordena la Regla 36.4 de Procedimiento Civil.*

*Quinto: Erró el TPI y abusó de su discreción al no dar por incontrovertidos los hechos propuestos de la Moción de Sentencia Sumaria que fueron admitidos por la parte recurrida en su oposición a dicha moción.*

*Sexto: Erró el TPI y abusó de su discreción al ignorar que en su Oposición a la Moción de Sentencia Sumaria Parcial de la recurrente el recurrido no controvirtió ninguno de los hechos propuestos como incontrovertidos por la recurrente como era su deber como opositora de una moción de sentencia sumaria. Por consiguiente, el recurrido no rebatió la presunción de que el origen del caudal de la comunidad de bienes que tiene con la demandante es ganancial.*

*Séptimo: Erró el TPI y abusó de su discreción no adjudicar la única controversia de derecho objeto de la Moción de Sentencia Sumaria Parcial presentada por la recurrente al efecto de que le corresponde al recurrido el*

*peso de rebatir la presunción de ganancialidad que recae sobre el origen del caudal de la comunidad de bienes existente entre las partes cuando no hay controversia alguna de que el recurrido retiene el control exclusivo de bienes de la extinta sociedad legal de gananciales de las partes que se encuentran en estado de indivisión tales como las aportaciones al Plan de Compensación Diferida para el beneficio exclusivo del recurrido.*

*Octavo: Erró el TPI y abuso de su discreción al no adjudicar el derecho de la recurrente sobre las aportaciones que hizo la extinta sociedad legal de gananciales de las partes al Plan de Compensación Diferida que tenía el recurrido con su patrono, planteamiento discutido por la recurrente en su Moción de Sentencia Sumaria Parcial que no fue controvertido por el recurrido.*

## II.

### A.

El auto de *Certiorari* constituye un vehículo procesal discrecional que posibilita a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Si bien el auto de *Certiorari* es un vehículo procesal extraordinario de carácter discrecional, al atender el recurso no debemos perder de vista las demás áreas del derecho. *Mun. de Caguas v. JRO Construction, supra.* La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone que, como norma general, dicho recurso solo será expedido por este Tribunal de Apelaciones en dos instancias, a saber: (1) cuando se recurra de una resolución u orden bajo las Reglas 56 y 57; o (2) cuando se recurra de la denegatoria de una moción de carácter dispositivo.

No obstante lo anterior, y a modo de excepción, este foro apelativo intermedio podrá revisar órdenes o resoluciones interlocutorias dictadas por el foro primario cuando se recurra de lo siguiente: (1) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios

evidenciarios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia; y (5) en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone que esta segunda instancia judicial tomará en consideración los siguientes criterios al determinar si procede o no la expedición de un auto de *Certiorari*:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
>
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
>
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
>
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
>
> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
>
> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Los tribunales de instancia poseen gran flexibilidad y discreción para lidiar con el manejo diario y la tramitación de los asuntos judiciales. *In re Collazo I*, 159 DPR 141 (2003). Así, se les ha reconocido a los jueces el poder y la autoridad suficiente para conducir los asuntos ante su consideración de la forma y manera que su buen juicio les indique. *Íd.*

El Tribunal Supremo de Puerto Rico ha establecido que, como norma general, el Tribunal de Apelaciones no intervendrá en

el manejo del caso ante la consideración del Tribunal de Primera Instancia. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). Este Tribunal sólo intervendrá en el ejercicio de la discreción del Foro Primario en aquellas situaciones en que se demuestre que este último: (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción o (3) se equivocó en interpretar o aplicar cualquier norma procesal o de derecho sustantivo. *Íd.*

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha reiterado que "las decisiones discrecionales que toma el Tribunal de Primera Instancia no serán revocadas a menos que se demuestre que ese foro abusó de su discreción". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013). A tales efectos, el máximo foro judicial expresó que, los foros apelativos no deben buscar administrar ni controlar el curso ordinario de los casos ante el foro primario. *Íd.*

### III.

Luego de analizar el recurso ante nos, a la luz del derecho antes citado, y siguiendo los criterios para la expedición del auto de *Certiorari*, determinamos que se cumple con la Regla 52.1 de Procedimiento Civil, *supra*. Sin embargo, los requisitos establecidos por la Regla 40 de nuestro Reglamento, *supra*, no están presente en este caso, por lo que no amerita nuestra intervención. En consecuencia, denegamos la expedición del auto de *Certiorari*.

De conformidad con lo resuelto por el Tribunal de Primera Instancia en su "Resolución" del 19 de octubre de 2023, el tracto procesal del presente caso demuestra que la parte peticionaria presentó la Moción de Sentencia Sumaria Parcial, después de haber transcurrido más de 30 días desde la finalización del descubrimiento de prueba. En otras palabras, no cumplió con lo establecido en la Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V,

R. 36.1, la cual permite a la parte demandante solicitar que se dicte sentencia sumaria después de transcurrir 20 días desde que se emplaza a la parte demandada, pero no más tarde de los 30 días siguientes a la fecha limite para concluir el descubrimiento de prueba. *Id.* Así pues, se excedió del límite dispuesto por ley.

Tras examinar la prueba documental que consta en el expediente apelativo, no hallamos fundamento que justifique la expedición del presente recurso. Evaluados los hechos particulares de este caso, resolvemos que el Tribunal de Primera Instancia no abusó de su discreción. En vista de lo anterior, es claramente evidente que el caso en cuestión no satisface ninguno de los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* que exigiría la expedición del auto de *certiorari* para reemplazar el criterio del Tribunal de Primera Instancia por el nuestro. Como resultado, denegamos la expedición del auto de *Certiorari.*

## IV.

Por los fundamentos expuestos, los que hacemos formar parte de esta sentencia, denegamos el recurso de *Certiorari* solicitado por la Sra. Elba Pesquera Sánchez.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones